ANNA V. BORDEN, as Administratrix, etc., Appellant, *v.* THE
DELAWARE, LACKAWANNA AND WESTERN RAILROAD COM-
PANY, Respondent.

To authorize an inference of negligence on the part of an employer, caus-
ing the death of an employe, facts must appear which establish such
neglect of duty, or omission of care on the part of the former, as to have
rendered the accident a possible one to the latter while in the perform-
ance of his work.

Although no one saw the accident, in the absence of proof of circum-
stances from which a legitimate inference of negligence on the part of
defendant can be drawn, and of evidence exonerating the deceased from
contributory negligence, no case is made out for submission to a jury.

In an action to recover damages for alleged negligence causing the death
of B., plaintiff's intestate, these facts appeared: B. was a fireman upon
a locomotive attached to a freight train. A car was taken on at a station
which was attached next the tender; this car was out of order, so as to
cause it to jump up and down while in motion. After leaving the
station, the train parted between the tender and said car, the coupling-
pin having worked out of the link. The train was re-coupled and pro-
ceeded. Soon after, B. was missed, and his dead body was found within
the rails at about the place where the train parted. There was no evi-
dence as to how the accident occurred. *Held,* that a motion for a non-
suit was properly granted.

(Argued March 14, 1892; decided March 25, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the fourth judicial department, entered upon an order
made September 8, 1891, which affirmed a judgment in favor
of defendant, entered upon a decision of the court on trial at
Circuit.

This action was brought to recover damages for the negli-
gent killing of Frank E. Borden, plaintiff's husband, while in
defendant's employ.

The facts, so far as material, are stated in the opinion, which
is given in full:

"We think that the motion for a nonsuit, at the conclusion
of the evidence in this case, was properly granted. The
most careful reading of the record reveals no fact upon
which negligence in the defendant can be predicated with
respect to its duty to the deceased. Everything relating to

the cause and manner of the death of plaintiff's intestate is matter of pure speculation.  Of course the inference is warranted that he fell from the train and was run over, but no inference is deducible that the accident was attributable to any neglect or to any omission on the defendant's part, with respect to that duty and care which the law requires of it. All that is positively known is the fact of the violent death of the intestate, and that is not enough to authorize an inference of defendant's negligence.  Briefly stated, the facts were that the deceased was a fireman and at the time was employed upon a locomotive attached to a freight train.  The train was running from Binghamton to Utica in the night-time, and at the station of Greene took on a coal car, attaching it next to the tender.  Shortly after leaving that station the train parted between the tender and this car.  The train being coupled together again proceeded on its way, but soon afterwards the deceased being missed it was stopped at the next station and a search was made, which resulted in finding the dead body within the rails at about the place where the train had become uncoupled.  The evidence tended to show that the coal car was out of repair, and in such wise as to cause it to jump up and down while in motion.  When the train broke apart it was found that the coupling pin had worked itself out of the link, so as to cause the separation of the train at that point.

" The claim of the appellant is that in the lurching forward of the engine and tender, as the consequence of the sudden separation, the deceased was thrown off and came under the moving body of the train.  He argues that negligence was imputable to the defendant in ordering a crippled car to be attached to the train, and supports the argument by reference to cases in which the employer has been held liable for the death of, or an injury to, his employes from having failed to furnish safe and proper machinery.  In this case such a question does not enter.  The deceased was a fireman and his place was upon and about the locomotive.  As no witness was able to tell how the accident occurred we can only surmise with reference to it.  If he had been at the rear end of the tender itself at the moment of the sudden parting of the train we can imagine that he might have fallen upon the track and

thus have been run over.   But had he been in his place in the cab of the engine or upon the tender it is not conceivable, according to the evidence, that he would have been affected by the uncoupling of the train.   So it is merely a matter of mental speculation as to how the accident happened, and conjecture cannot be allowed to supply the place of the proof required to sustain plaintiff's allegations of negligence.

"The inference of negligence, which the jury may draw, must be from facts, which establish such a neglect of duty, or such an omission of care, on the employer's part, as to have rendered the accident a possible one to the employes while in the performance of their work.   That was not the case here, and, conceding the force contended for the evidence by appellant's counsel, it did not warrant more than the surmise that the deceased, having left his usual and proper place, where the occurrence of the breaking of the train could have had no such disastrous effect, had gone to the rear end of the tender for some purpose or other, and, losing his balance, had fallen from the train.

"In the absence of proof of circumstances, from which a legitimate inference of negligence in the defendant could be made, and in the absence of any evidence exonerating the deceased from contributing, by his own negligence, to the accident, no case was made out for submission to the jury.

"The judgment should be affirmed, with costs."

*S. M. Lindsley* for appellant.

*William Kernan* for respondent.

GRAY, J., reads for affirmance.
All concur.
Judgment affirmed.